**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PHARMERICA LONG-TERM CARE, § <br> INC. f/k/a PHARMERICA, INC., § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> GOLDENLIFE SENIOR CARE, INC. § <br> d/b/a VERANDA PLACE, § <br>     Defendant. § | Civil Action No. 3:09-CV-130-L |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the *Order of Reference*, filed March 23, 2012, before the Court for recommendation is *Plaintiff's Motion to Enforce Settlement Agreement and for Entry of Agreed Judgment and Brief in Support*, filed March 20, 2012 (doc. 21). Based on the relevant filings, evidence, and applicable law, plaintiff's motion should be **GRANTED**.

### I. BACKGROUND

On January 21, 2009, Pharmerica Long-Term Care, Inc. (Plaintiff) filed this diversity action against Goldenlife Senior Care, Inc. d/b/a Veranda Place (Defendant), asserting claims for breach of contract, promissory estoppel, unjust enrichment, account stated, improper termination of contract, and attorneys' fees. (*See* doc. 1.) Plaintiff claims arise from its provision of pharmacy related goods and services to Defendant and Defendant's alleged failure to pay for those goods and services pursuant to the parties' contractual agreement. (*Id*.)

On October 29, 2009, the parties and non-party Crescent Senior Care, LLC (Crescent) signed a Settlement and Forbearance Agreement (Settlement Agreement) that resolved Plaintiff's claims.

(Docs. 21 at 1; 22-1 at 4-13.)[1]  Under its terms, Plaintiff agreed to accept the compromised sum of $134,098.05.  (Doc. 22-1 at 7.)  Defendant and Crescent were to make monthly payments pursuant to a schedule attached to the Settlement Agreement.  (Docs. 21 at 1; 22-1 at 13.)  Defendant and Crescent also agreed to execute a judgment in the amount of $144,336.02 (representing the full balance allegedly due Plaintiff).  (Doc. 22-1 at 7, 11-14.)  The agreed judgment added Crescent as a party.  (*Id.*)  It was only to be filed in the case of an uncured default as defined in the Settlement Agreement.  (*Id.*)  In the event of such a default, the Settlement Agreement authorized Plaintiff to file the agreed judgment, in which case the entire balance of $144,336.02 (less any payments made in accordance with the payment schedule) was to become due and payable.  (*Id.* at 7-8.)  The Settlement Agreement and agreed judgment provided for interest at the rate of 18% on the judgment and for an award of reasonable attorneys' fees, costs and expenses.  (*Id.* at 8.)

On December 4, 20009, the parties entered a stipulation of dismissal.  (*See* doc. 19.)  The stipulation provided for dismissal without prejudice and requested that the Court retain jurisdiction over the case and the Settlement Agreement for enforcement purposes, including the entry of an agreed judgment.  (*Id.*)  On December 10, 2009, the Court entered a stipulated order of dismissal incorporating those terms.  (*See* doc. 20.)

Defendant failed to comply with the terms of the Settlement Agreement.  (Docs. 21 at 2; 22-1 at 15-55.)  It defaulted on its payments under the Settlement Agreement on numerous occasions before suffering an uncured default in October 2011.  (*Id.*)  Plaintiff now moves to enforce the Settlement Agreement and for entry of the agreed judgment.  (*See* doc. 23.)  Defendant failed to

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

respond.  (*See* doc. 25.)  The motion is now ripe for consideration.

## II. JURISDICTION

Although no party has raised a jurisdictional challenge, the Court has a duty to examine its jurisdiction prior to considering the present motion.  *See United States v. Hays*, 515 U.S. 737, 742 (1995).  "As a general rule, once a lawsuit has been dismissed, enforcement of a settlement agreement requires a basis for subject matter jurisdiction independent of the underlying suit." *Charley v. Shell Oil Company*, 1996 WL 182209, at *2 (S.D. Tex. Feb. 8, 1996) (citing *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 378 (1994)).  An exception to the rule applies when the settlement agreement is made part of the court's order of dismissal by a separate provision retaining jurisdiction over the agreement.  *Kokkonen*, 511 U.S. at 381.

Here, the Court previously entered an order dismissing the case without prejudice and expressly retaining jurisdiction for purposes of enforcing the settlement agreement and/or entering an agreed consent judgment.  (*See* doc. 20.)  The language of the dismissal order is sufficient to preserve jurisdiction to enforce the parties' settlement agreement.  *Triple S Properties Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:08-CV-796-O, 2010 WL 3911422, *2-3 (N.D. Tex. Oct. 5, 2010).

## III. MOTION TO ENFORCE SETTLEMENT

Texas substantive law applies because this is a diversity case involving state law.  *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) (per curiam).  The Settlement Agreement expressly provides for the application of Texas law.  (Doc. 22-1 at 6.)

A settlement agreement touching a pending suit is enforceable under Texas law only if it is in writing, signed, and filed as part of the record.  *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000) (citing Tex. R. Civ. P. 11).  Although compliance with Rule 11 is

3

necessary, "'slavish adherence' to the literal language of the rule [is not required] in all cases." *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984); *see also Oliver v. The Kroger Co.*, 872 F. Supp. 1545, 1548 (N.D. Tex. 1994) (finding that filing of a settlement letter with motion to enforce substantially complied with Rule 11).

To be enforceable, the agreement must contain all material terms and the terms must be "sufficiently definite to enable the court to understand the parties' obligations." *ARCO Chem.* Co., 203 F.3d at 910 (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995)); *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir. 2006) (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000)). "Evidence of the parties' intent to enter into a binding agreement is also required." *ARCO Chem Co.*, 203 F.3d at 910 (citing *Premier Oil Refining Co. v. Bates*, 367 S.W.2d 904, 907 (Tex. Civ. App.–Eastland 1963, writ ref'd n.r.e.)).

While the validity of a settlement agreement in a diversity case is a matter of substantive law, the method by which a valid agreement may be enforced is one of federal procedure. *See Weaver v. World Finance Corp. of Texas*, No. 3:09-CV-1124-G, 2010 WL 1904561, *2 n. 2; *Howard v. Chris-Craft Corp.*, 562 F. Supp. 932, 938 (E.D. Tex. 1982) (rejecting the contention that Texas law limits a district court's authority to summarily enforce settlement agreements). "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967); *see also Weaver*, 2010 WL 1904561 at *2 (N.D. Tex. May 12, 2010); *Von Drake v. Core, Inc.*, 3:02-CV-0866-D, 2003 WL 22234922, *9 (N.D. Tex. July 17, 2003) (Mag J.), adopted by 2003 WL 22234925 (Sept. 24, 2003). The decision to grant or deny a motion to enforce a settlement agreement is committed to the sound discretion of the district court.

4

*See Daftary v. Metropolitan Life Ins. Co.*, 136 F.3d 137 (5th Cir. 1998) (per curiam); *Weaver*, 2010 WL 1904561 at *1.

Here, the Settlement Agreement is in writing and signed by the parties. (Doc. 22-1 at 4-13.) Plaintiff filed it in the record contemporaneously with the filing of its motion to enforcement settlement. *Padilla v. LaFrance*, 907 S.W.2d at 461 (holding that the filing requirement is satisfied "so long as the agreement is filed before it is sought to be enforced"). No party has advanced a challenge to its validity, and it includes all the material terms of the parties' agreement. (Doc. 22-1 at 4-13.) The terms are set forth in a manner that permits the Court to ascertain each of the parties' duties. (*Id.*) The fact that both parties (as well as Crescent) executed the Settlement Agreement is evidence of their intent to be bound to its terms. *Harris*, 374 F.2d at 35; *Weaver*, 2010 WL 1904561 at *2; *Von Drake*, 2003 WL 22234922 at *9. Plaintiff's motion to enforce settlement agreement should be granted.

### III.  RECOMMENDATION

Plaintiff's motion to enforce settlement agreement should be **GRANTED** and the agreed judgment should be entered..

**SO RECOMMENDED**, this the 5th day of November, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE